

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DANIEL MADDOX                                                             PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:15-cv-866 TSL-RHW

CITY OF BRANDON, MISSISSIPPI; WILLIAM THOMPSON
AND CHRIS BUNCH                                         DEFENDANTS

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff, by and through counsel, file this Complaint against the Defendants named herein, and in support would show the following:

I.      PARTIES

1.1      Plaintiff.

1.1.1 Daniel Maddox. Daniel Maddox is an adult resident citizen of Madison County, Mississippi. At the time of the incident from which this lawsuit arises he was an adult citizen of the City of Brandon, Rankin County, Mississippi. He was legally married to Plaintiff, Rhonda Abshire (Abshire), at all times relevant to this lawsuit.

1.2      Defendants.

1.2.1 William Thompson. William Thompson was the Chief of the City of Brandon, Mississippi Police Department at the time of the incident from which this lawsuit arises. He was at all relevant times an employee of the City of Brandon and in charge of operations of the City of Brandon Police Department, including without limitation, policies and practices concerning the investigation of crimes, the search for and seizure of evidence, and the arrest of individuals.

William Thompson is sued in his individual capacity for acts and omissions committed under color of state law while exercising his responsibilities pursuant to state law.

1.2.2   Chris Bunch. Chris Bunch was an investigator with the City of Brandon, Mississippi Police Department at the time of the incident from which this lawsuit arises. He was at all relevant times an employee of the City of Brandon and was responsible for the investigation of crimes, making arrests, and obtaining warrants for the arrest of persons. He is sued in his individual capacity for acts and omissions committed under color of state law while exercising his responsibilities pursuant to state law.

1.2.3   City of Brandon, Mississippi. The City of Brandon is a municipal corporation within the State of Mississippi.

II.   JURISDICTION AND VENUE.

2.1   The jurisdiction of this Court is invoked pursuant to 28 U.S.C.§1331, §1343 and §1367, 28 U.S.C. §2201, and 42 U.S.C. §1983 et seq.

2.2   Venue is appropriate in the Southern District of Mississippi, Jackson Division, pursuant to 28 U.S.C. §1391(b), because a substantial part of the events complained of occurred in this District and Division.

III.   FACTS.

3.1   On January 5, 2015 Maddox was a patient of Dr. Kurt Johnson, a licensed physician in the State of Mississippi, whose office was in Brandon, Mississippi, and he lawfully obtained a prescription for medication from Dr. Johnson.

3.2  On or about July 1, 2015 Bunch accessed the prescription information of Maddox maintained online by the Mississippi Prescription Monitoring Program (PMP) administered by the State of Mississippi Board of Pharmacy.

3.3  Bunch accessed Maddox's prescription information on the PMP data base without a subpoena, court order, written investigative demand or any other judicial authorization.

3.4  Bunch accessed Maddox's prescription information without reasonable suspicion or probable cause to believe Maddox had committed a crime.

3.5  Bunch's access of Maddox's prescription information violated the Health Insurance Portability and Accountability Act (HIPAA) and the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and Article 3 of the Mississippi Constitution.

3.6  Bunch saw on the PMP data base that on January 5, 2015 Maddox had obtained a prescription for pain from Dr. Johnson, and that Maddox had also obtained a prescription for pain the day before from another health care provider.

3.7  The PMP was established pursuant to Section 73-21-127 et seq of the Mississippi Code. Those statutes, and the regulations of the Board of Pharmacy, require pharmacists to upload certain prescription information onto the PMP electronic data base, to include the name of the prescription, the patient's name and the date of the prescription.

3.8  Those statutes permit "law enforcement officials", "regulatory and licensing boards in this state" and certain other individuals and agencies access to the aforesaid data base without the necessity of subpoena, court order or any other documentary authorization or request.

3.9  Those statutes also allow access to the data base by "judicial authorities under grand jury subpoena".

3.10    The PMP, as established by Mississippi statute and regulations violates, without limitation, the Health Insurance Portability and Accountability Act (HIPAA), the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution, and Article 3, Sections 14 and 23 of the Mississippi Constitution.

3.11    The PMP, as established and implemented by Mississippi statute and regulations, violates a person's common law right to privacy.

3.12    The aforesaid Mississippi statutes and regulations allow access by law enforcement officials to a person's PMP prescription information without judicial oversight, judicial authorization or other any conditions, other than the law enforcement official must be an authorized user of the PMP data base.

3.13    Based on the aforesaid PMP prescription information for Maddox, Bunch signed an affidavit on July 1, 2015 and obtained a warrant for the arrest of Maddox for violation of Section 41-29-144(1) of the Mississippi Code, commonly referred to as "prescription fraud". A true and correct copy of the affidavit is annexed hereto as Exhibit A and incorporated herein by reference.

3.14    On July 1, 2015, prior to obtaining the aforesaid warrant, Bunch went to the office of Dr. Kurt Johnson and orally questioned Dr. Johnson concerning his treatment of Maddox and Dr. Johnson's giving Maddox a prescription for medication on January 5, 2015.  Furthermore, Dr. Johnson gave to Bunch certain documents concerning Maddox's medical treatment.

3.15    Bunch asked Dr. Johnson if Dr. Johnson had known Maddox had received a prescription for pain the day before Dr. Johnson gave Maddox another prescription for pain on January 5, 2015, would he have given Maddox the prescription.  Dr. Johnson responded that he did not

know Maddox had received a prescription for pain the day before, and that had he known that, he would not have given Maddox another prescription for pain.

3.16   For Maddox to have been guilty of violating Section 41-29-144 (1) he would had to have obtained the prescription by intentional fraud, misrepresentation, deception or subterfuge.

3.17   At no time did the Defendants have any evidence that Maddox had obtained the subject prescription by intentional fraud, misrepresentation, deception or subterfuge.

3.18   At no time did the Defendants have any information from Dr. Johnson, or any person representing Dr. Johnson, that Maddox had intentionally given Dr. Johnson false information, or had misrepresented anything, or had deceived or tricked Dr. Johnson, or had engaged in subterfuge for the purpose of obtaining the subject prescription.

3.19   Bunch questioned Dr. Johnson and obtained certain documents from Dr. Johnson concerning Maddox's medical treatment without a subpoena, court order, or any document stating that Bunch was authorized to obtain medical or prescription information from Dr. Johnson about Maddox.

3.20   Maddox was arrested on July 1, 2015 and incarcerated in the Rankin County, Mississippi jail, with his bail being set at $100,000.

3.21   At the time of Maddox's arrest the Defendants knew, or reasonably should have known, that they did not have sufficient information to prove all the elements of the crime for which Maddox was charged.

3.22   Bail was subsequently reduced to $50,000, Maddox posted bond and was released from custody.

3.23   Maddox had to obtain legal representation as a result of his false arrest.

3.24   After Maddox's arrest, both Dr. Johnson and his nurse practitioner later admitted in writing that the information Dr. Johnson gave Bunch was incorrect, that Dr. Johnson did, in fact, know Maddox had received a prescription from another provider the day before Dr. Johnson gave Maddox the prescription on January 5th.

3.25   The aforesaid written information from Dr. Johnson and his nurse practitioner was later submitted to the City of Brandon Police Department by Maddox's legal counsel, specifically Chief William Thompson and Bunch, but the City of Brandon, Thompson and Bunch chose to submit the case to the Rankin County District Attorney for presentation to the grand jury.

3.26   The Defendants chose to submit the case to the District Attorney for prosecution knowing that the aforesaid affidavit signed by Bunch and the subsequent warrant were based on false information obtained from Dr. Johnson.

3.27   After the Defendants learned that Dr. Johnson had given them false information, they knew they had insufficient evidence to prove all of the elements of the crime with which Maddox was charged, yet they chose to proceed with the prosecution.

3.28   Even if the Defendants had already submitted the case to the District Attorney prior to learning they had received false information from Dr. Johnson, they could have informed the District Attorney they obtained the warrant based on false information from Dr. Johnson and wished to not proceed with the prosecution of Maddox.

3.29   Knowing the oral information they received from Dr. Johnson was false, the Defendants chose to proceed with the prosecution of Maddox.

3.30   At no time after Maddox was arrested, and after learning Dr. Johnson had given them false oral information, did any of the Defendants attempt to communicate with Dr. Johnson, or any representative of him, concerning the subject of Maddox's arrest.

3.31   After Maddox's arrest all of the Defendants refused to give Maddox any information concerning the basis for the charge against him other than what is stated in the aforesaid affidavit.

3.32   The Rankin County District Attorney subsequently chose not to prosecute the subject case against Maddox, and obtained the Order Remanding Case and Bond on July 21, 2015, a true and correct copy of which is annexed hereto as Exhibit B.

3.33   As stated in the aforesaid Order, the subject charge against Maddox was terminated.

3.34   After the aforesaid Order was entered the City of Brandon police regularly and unnecessarily patrolled by the Plaintiffs' home in an attempt to further harass, intimidate and cause him emotional distress.

3.35   The Defendants intentionally, or with gross negligence, inflicted emotional distress upon the Plaintiff.

3.36   The Defendants intentionally, or with gross negligence, invaded Plaintiff's right to privacy in obtained Plaintiff's aforesaid prescription and medical information.

3.37   The Defendants intentionally, or with gross negligence, falsely arrested and imprisoned the Plaintiff.

3.38   The City of Brandon had adopted and implemented with deliberate indifference, policies, customs, practices and procedures to the known or obvious fact that constitutional violations, of which Plaintiff complains of herein, would result.

3.39  The acts and omissions by the Defendants, of which Plaintiff herein complains, including without limitation, the search for and seizure of Maddox's prescription information, and his arrest were not in good faith and without reasonable belief that probable cause existed for the search and seizure or for the arrest.

3.40  The aforesaid acts and omissions by the Defendants were not discretionary functions.

3.41  The acts and omissions by the Defendants, of which Plaintiff herein complains, violated statutory and constitutional rights of Maddox of which a reasonable person should have known.

3.42  The Defendants knew the acts and omissions, of which Plaintiff herein complained, violated the statutory and constitutional rights of Maddox.

3.43  The acts and omissions by the Defendants, of which Plaintiff herein complains, constituted deliberate indifference to the statutory and constitutional rights of Maddox.

3.44  The acts and omissions by the Defendants, of which Plaintiff herein complains, constituted illegal search and seizure, and deprived him of life, liberty and property without due process of law, all in violation of the U.S. Constitution.

3.45  The City of Brandon had and followed policies, customs, practices and procedures involving it obtaining medical and prescription information of individuals which violated HIPAA, other statutes and the constitutional rights of all persons, including Maddox, and which the City of Brandon knew was in violation of such.

3.46 The Defendants failed to implement and to properly follow and enforce constitutionally adequate policies, practices and procedures to protect against the acts and omissions complained of herein.

3.47 The City of Brandon and Thompson failed to implement and execute training to protect against the acts and omissions complained of herein.

3.48 The Defendants informed Daniel Carter, an employee of and an investigator or detective with the City of Brandon Police Department, that they had obtained the prescription information of Maddox from the Mississippi Prescription Monitoring Program.

3.49 Carter, while working with a U.S. Drug Enforcement Administration (DEA) task force, then went to Abshire's (Maddox's wife) physician in Madison County, Mississippi and told him that she and the Plaintiff were under criminal investigation.

3.50 At all relevant times Carter was acting within the scope of his employment with the City of Brandon.

3.51 At all relevant times Carter was acting under the color of the laws of the State of Mississippi.

3.52 No law enforcement agency, including the Defendants, had any reasonable suspicion or probable cause to believe Abshire had committed any crime involving drugs.

3.53 Abshire's physician had been treating her for pain.

3.54 Her physician then communicated to Carter that her prescription record, maintained by the Mississippi Prescription Monitoring Program, did not indicate any misuse of drugs or having wrongfully obtained prescriptions.

3.55 Abshire's physician refused to treat her unless the physician was provided a statement from law enforcement stating that she was no longer under investigation.

3.56 Knowing that, the Defendants refused to provide a statement to Abshire's physician stating that she no longer was under investigation.

3.57 After the aforesaid Order Remanding Case and Bond was entered the City of Brandon, and its representatives, refused to provide Maddox or Abhshire its investigative report(s) concerning them, claiming that the investigation(s) were ongoing.

3.58 The aforesaid investigations had ceased prior to the City of Brandon's refusal to provide the requested records.

3.59 The City of Brandon chose to falsely state that the investigation(s) were ongoing, knowing that it would further add emotional distress to Maddox and his wife.

3.60 Thompson and Bunch committed the above described acts and omissions within the scope of their employment with the City of Brandon.

3.61 The Defendants committed the above described acts and omissions under the color of the laws of the State of Mississippi.

3.62 The Defendants committed the above described acts and omissions intentionally, with malice, in reckless disregard of and with deliberate indifference to the statutory and constitutional rights of Maddox.

3.63 As a proximate result of the above described acts and omissions Plaintiff suffered, including without limitation, economic damages, humiliation, emotional distress, loss of enjoyment of life, physical pain and suffering, medical expenses, both present and in the future.

3.64 All conditions precedent have been performed, or they have occurred.

3.65 Plaintiff exhausted all administrative and statutory remedies and requirements prior to the filing of this Complaint.

IV.   **FEDERAL CLAIMS FOR RELIEF**

4.1   <u>Fourth Amendment</u>.   The above described acts and omissions violated Plaintiff's Fourth Amendment rights against unreasonable search and seizure.

4.2   <u>Fifth and Fourteenth Amendments</u>.   The above described acts and omissions violated Plaintiff's Fifth and Fourteenth Amendment rights not to be deprived of life, liberty or property without due process of law.

4.3   <u>42 U.S.C. 1983.</u>   The above described acts and omissions violated Plaintiff's rights under 42 U.S.C. 1983, et seq.

V.   <u>STATE CLAIMS FOR RELIEF</u>

5.1   The above described acts and omissions constituted false arrest and imprisonment.

5.2   The above described acts and omissions constituted intentional infliction of emotional distress.

5.3   The above described acts and omissions constituted grossly negligent infliction of emotional distress.

5.4   The above described acts and omissions constituted an invasion of privacy.

VI.   <u>RELIEF REQUESTED</u>.

6.1   That process be issued on the Defendants.

6.2   That a jury trial be held.

6.3   That a declaration be issued providing that the Defendants acts violated law and the Constitution.

6.4   That a declaration be issued providing that the Mississippi Prescription Monitoring Program law and regulations are unconstitutional and violate the Health Insurance Portability and Accountability Act and associated federal regulations.

6.5   That a permanent injunction be issued preventing the Defendants from continuing to violate Plaintiff's constitutional rights.

6.6   Compensatory damages.

6.7   Punitive and exemplary damages.

6.8   Statutory damages.

6.9   Costs, including attorney's fees, pursuant to 42 U.S.C. 1988 and other applicable law.

6.10   Such other relief to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

DANIEL MADDOX

By: _____

Donald W. Boykin, Attorney for Plaintiff

Donald W. Boykin
515 Court Street
Jackson, MS 39201
601-969-3015
dboykinlaw@att.net
MB 4231