IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DANIEL MADDOX**                                                                   **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO.: 3:15-cv-00866-TSL-RHW**

**CITY OF BRANDON, MISSISSIPPI,**
**WILLIAM THOMPSON, AND CHRIS BUNCH**                 **DEFENDANTS**

### DEFENDANTS' RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### MEMORANDUM

### I. INTRODUCTION

Defendants[1] submit this Response in Opposition to Plaintiff's Motion for Summary Judgment, which was commingled with Plaintiff's Response to Defendants' Motion for Summary Judgment as a single pleading.[2] In accordance with the Local Rules and the Southern District's CM/ECF practices and procedures, Defendants are filing their Reply in Support of Summary Judgment, and this Opposition Response as separate docket pleadings. Defendants' arguments and authority are essentially the same for both, and for the convenience of the Court and to avoid unnecessary repetition, this Opposition Response will primarily reference Defendants' Principal[3] and Reply[4] Memorandums in Support of Summary Judgment.

Because this Opposition Response does **not** reference or mention in any way the information necessitating earlier pleadings to be filed under seal pursuant to L.U. Civ. R. 79, this pleading is filed under the normal CM/ECF procedures of the Southern District of Mississippi.

---

[1] Defendants are the City of Brandon, Mississippi, William Thompson, and Chris Bunch.

[2] See Pacer Docket Entry No. 65 (Sealed Memorandum Brief in Response to Summary Judgment and in Support of Counter-Motion for Summary Judgment) ("Opposition Brief").

[3] See Pacer Docket Entry No. 54 (Sealed Defendants' Memorandum in Support of Summary Judgment) ("Principal Memorandum").

[4] See Pacer Docket Entry No. 69 (Sealed Defendants' Reply Memorandum in Support of Summary Judgment) ("Principal Memorandum").

As noted in Defendants' Reply Memorandum, Plaintiff has conceded, waived or abandoned his HIPAA claim, his purported independent cause of action under Section 1983, and his Fifth and 14th Amendment due process claims. Plaintiff's purported constitutional challenge to MISS. CODE ANN. § 73-21-127 is properly dismissed due to Plaintiff's failure to comply with FED. R. CIV. P. 5.1. For the reasons discussed in Defendants Principal and Reply Memorandums, summary judgment is proper as to all of Plaintiff's federal and state law claims, and Plaintiff's Motion should be denied in its entirety.

To the extent any separation can be discerned in Plaintiff's combined pleading, his Motion appears to be seeking summary judgment as to the following state law claims: (1) "Defendants are liable under § 11-46-3, Miss. Code Ann.[5], (2) "Defendants are liable for false arrest and false imprisonment"[6], (3) "Defendants invaded Maddox's common law right to privacy"[7], and seeking summary judgment as to his federal claims that (4) "Maddox's arrest was not 'objectively reasonable' and the City was liable under Section 1983"[8], and (5) "Bunch's search and seizure of Maddox's prescription information violated the Fourth Amendment."[9]

For the reasons discussed below and by reference to Defendants' Principal and Reply Memorandums in Support of Motion for Summary Judgment, Plaintiff's Motion is properly denied in its entirety, and summary judgment should be granted to Defendants as to all of Plaintiff's federal and state law claims.

---

[5] See Pacer Docket Entry No. 65 at P. 10-12(Opposition Brief).In regard to this claim, Plaintiff appears to incorrectly cite to MISS. CODE ANN. § 11-46-3, which actually is the section of the Mississippi Tort Claims Act ("MTCA") dealing with legislative intent. The correct section in regard to Plaintiff's argument as to reckless disregard is MISS. CODE ANN. § 11-46-9(1)(c), which is the section Plaintiff actually quotes in his argument.

[6] See Pacer Docket Entry No. 65 at 14 (Opposition Brief).

[7] See Pacer Docket Entry No. 65 at 14-15 (Opposition Brief).

[8] See Pacer Docket Entry No. 65 at 12-14(Opposition Brief).

[9] See Pacer Docket Entry No. 65 at 15-18 (Opposition Brief).

## II. FACTS

As to undisputed facts in this case, Defendants incorporate by reference the "FACTS" section of Defendants' Memorandum in Support of Motion for Summary Judgment and other pages,[10] as well as all exhibits attached to Defendants' Motion for Summary Judgment and Reply in Support of Motion for Summary Judgment.

## III. ARGUMENT AND AUTHORITY

**A.     State Law Claims**

   **1.     Plaintiff Has Failed to Establish Reckless Disregard as Defined Under the Mississippi Tort Claims Act and Plaintiff's Claims are Statutorily Barred Due to Plaintiff's Non-Compliance With MISS. CODE ANN. § 11–46–11(1)**

The MTCA provides the "exclusive remedy" for a party seeking to recover damages for injuries allegedly caused by a governmental entity or its employees' acts or omissions. *City of Tupelo v. Martin*, 747 So.2d 822, 826 (Miss. 1999); MISS. CODE ANN. § 11–46–7. As such, Plaintiff's claim that Defendants acted in "reckless disregard" is exclusively governed by the MTCA's requirements and statutory exemptions.

Plaintiff's motion is properly denied, and summary judgment should be granted to Defendants because Plaintiff's claim pursuant to MISS. CODE ANN. § 11–46–9(1)(c)[11] fails as a matter of law and is statutorily barred due to Plaintiff's failure to comply with the requirements of MISS. CODE ANN. § 11–46–11(1). Defendants incorporate by reference the arguments and authority in Section III(C)(1) of Defendants' Principal Memorandum and Section II(B)(1) of Defendants' Reply Memorandum. As discussed elsewhere in Section III(C) of Defendants' Principal Memorandum and Section II(B) of their Reply Memorandum, this and Plaintiff's other state law claims also are properly dismissed pursuant to the statutory exemptions of MISS. CODE

---

[10] See Pacer Docket Entry No. 54 at 2-12, 23-24(Principal Memorandum).
[11] See footnote 5.

Ann. § 11–46–9(1)(c) and Miss. Code Ann. § 11–46–9(1)(d), and also fail on the merits. For all the reasons discussed, Plaintiff's motion should be denied and summary judgment is proper as to all of Plaintiff's state law claims against Defendants.

### 2. Plaintiff's State Law Claims of False Arrest and False Imprisonment are Properly Dismissed

Plaintiff's motion is properly denied, and summary judgment should be granted to Defendants as to his state law claims of false arrest and false imprisonment, which are statutorily barred due to Plaintiff's failure to comply with the requirements of Miss. Code Ann. § 11–46–11(1). Defendants incorporate by reference the arguments and authority in Section III(C)(1) of Defendants' Principal Memorandum and Section II(B)(1) of Defendants' Reply Memorandum. As discussed elsewhere in Section III(C) of Defendants' Principal Memorandum and Section II(B) of their Reply Memorandum, this and Plaintiff's other state law claims also are properly dismissed pursuant to the statutory exemptions of Miss. Code Ann. § 11–46–9(1)(c) and Miss. Code Ann. § 11–46–9(1)(d), and also fail on the merits. For all the reasons discussed, Plaintiff's motion should be denied and summary judgment is proper as to all of Plaintiff's claims against Defendants.

### 3. Plaintiff's State Law Claim of Invasion of Privacy is Properly Dismissed.

Plaintiff's motion is properly denied, and summary judgment should be granted to Defendants as to his state law claim of invasion of privacy, for all the reasons discussed in Section III(C) of Defendants' Principal Memorandum and Section II(B) of their Reply Memorandum, which are incorporated by reference. Plaintiff's motion should be denied and summary judgment is proper as to all of Plaintiff's state law claims against Defendants.

### B. Federal Claims

#### 1. Plaintiff's Claims of False Arrest Under the Fourth Amendment, and Municipal Liability under Section 1983 are Properly Dismissed and Plaintiff Has Failed to Abrogate the Individual Defendants' Entitlement to Qualified Immunity

As to Plaintiff's claim that "Maddox's arrest was not 'objectively reasonable' and the City was liable under Section 1983", Plaintiff's motion is properly denied, and summary judgment should be granted to Defendants as to this and all of Plaintiff's federal claims.

In regard to Plaintiff's arrest without probable cause claim pursuant to the Fourth Amendment, Defendants incorporate by reference their arguments and authority from Section III(B)(4) of Defendants' Principal Memorandum, and Section II(A)(6) of Defendants' Reply Memorandum. As to Plaintiff's claim of municipal liability under Section 1983, Defendants incorporate by reference the arguments and authority from Section III(B)(7) of Defendants' Principal Memorandum, and Section II(A)(8) of Defendants' Reply Memorandum, including the standards required under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny within the Fifth Circuit. As it relates to Plaintiff's arguments regarding the individual Defendants' entitlement to qualified immunity, Defendants incorporate by reference the arguments and authority from Section III(B)(6) of Defendants' Principal Memorandum, and Section II(A)(7) of Defendants' Reply Memorandum, and Plaintiff's failure to abrogate these Defendants' entitlement to qualified immunity as to Plaintiff's federal claims.

#### 2. Plaintiff's Claims of Unreasonable Search and Seizure Under the Fourth Amendment are Properly Dismissed

As to Plaintiff's claim that "Bunch's search and seizure of Maddox's prescription information violated the Fourth Amendment", Plaintiff's motion is properly denied, and summary judgment should be granted to Defendants as to this and all of Plaintiff's federal claims. Defendants incorporate by reference the arguments and authority from Section III(B)(3)

of Defendants' Principal Memorandum, and Section II(A)(5) of Defendants' Reply Memorandum.

## IV. CONCLUSION

For the reasons discussed above, and based on the arguments and authority in Defendants' Principal and Reply Memorandums, Plaintiff's Motion for Summary Judgment should be denied in its entirety, and Defendants respectfully request the Court grant summary judgment as to all claims asserted against Defendants, and that all costs of this action be assessed to Plaintiff including all attorney's fees incurred by Defendants in this litigation.

THIS, the 4th day of November, 2016.

        Respectfully submitted,

        PHELPS DUNBAR LLP

        BY: /s/ Mark Fijman
            Gary E. Friedman, MB #5532
            Mark Fijman, MB #99153
            4270 I-55 North
            Jackson, Mississippi 39211-6391
            Post Office Box 16114
            Jackson, Mississippi 39236-6114
            Telephone: 601-352-2300
            Telecopier: 601-360-9777
            Email: friedmag@phelps.com
                    fijmanm@phelps.com

        **ATTORNEYS FOR DEFENDANTS**
        **CITY OF BRANDON, MISSISSIPPI,**
        **WILLIAM THOMPSON, AND**
        **CHRIS BUNCH**

## CERTIFICATE OF SERVICE

I, MARK FIJMAN, do hereby certify that on November 4, 2016, I electronically filed the foregoing *DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MEMORANDUM* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Donald W. Boykin, Esq.
515 Court Street
Jackson, MS 39201
(601) 969-3015
dboykinlaw@att.net

*ATTORNEY FOR PLAINTIFF*

SO CERTIFIED, this the 4th day of November, 2016.

    /s/ Mark Fijman
    MARK FIJMAN