**STATE OF MISSISSIPPI**

 

JIM HOOD
ATTORNEY GENERAL

CIVIL LITIGATION DIVISION

April 6, 2017

Arthur Johnston
Clerk
United States District Court
for the Southern District of Mississippi
501 E. Court Street
Jackson, Mississippi 39201

      Re:    *Daniel Maddox v. City of Brandon, Mississippi, William Thompson, and Chris Bunch*, Civil Action No. 3:15cv866TSL-RHW
              **\*\* Sealed Case \*\***

Dear Mr. Johnston,

      The Mississippi Attorney General's Office has received the March 13, 2017, Memorandum Opinion and Order forwarded to us by your office. The Opinion notifies the Attorney General of a constitutional challenge to Mississippi Code Section 73-21-127 in this litigation. Citing Federal Rule of Civil Procedure 5.1 and 28 U.S.C. § 2403(b), the Opinion provides that "[i]f, within sixty days following this certification, the Mississippi Attorney General elects to intervene, the court will undertake consideration of the merits of plaintiff's challenge." The Attorney General hereby notifies the Court that it does not intend to intervene in this matter.

      From our reading of the Opinion, plaintiff Daniel Maddox did not assert an independent, stand-alone challenge to the constitutionality of Code Section 73-21-127. More specifically, Maddox did not assert a claim against a state official seeking to have the statute declared unconstitutional. Instead, Maddox raised his constitutional argument only within and as a part of his claim for relief against defendants City of Brandon, William Thompson, and Chris Bunch; none of whom are state officials. The Opinion addresses and dismisses each of Maddox's claims against the named defendants. In doing so, the Court followed the "fundamental rule of judicial restraint" by considering all possible "nonconstitutional grounds" for a decision "prior to reaching any constitutional questions." *See Three Affiliated Tribes of Berthold Reservation v. Wold Engineering*, 467 U.S. 138, 157 (1984); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981). As all of Maddox's claims against all named defendants have been dismissed,

Arthur Johnston, Clerk
April 6, 2017
Page 2

_____

resolution of any constitutional argument regarding the statute is unnecessary and improper. *See United States v. Resendiz–Ponce*, 549 U.S. 102, 104 (2007) (" 'It is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.' " (quoting *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)). If the Attorney General's intervention were to now place this unnecessary question before the Court, we would be doing so in error. *See Spector Motor Co. v. McLaughlin*, 323 U.S. 101, 105 (1944) ("[i]f there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.").

       Through this letter, we are notifying the Court and the attorneys for the parties of the decision not to intervene.

       Sincerely,

       *[signature]*

       Harold E. Pizzetta, III
       Assistant Attorney General

HEP:fh

cc:    Honorable Tom Lee
       Gary E. Friedman, Esq.
       Mark Fijman, Esq.
       Donald W. Boykin, Esq.