```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

DANIEL MADDOX                                          PLAINTIFF

VS.                             CIVIL ACTION NO. 3:15CV866TSL-RHW

CITY OF BRANDON, MISSISSIPPI,
WILLIAM THOMPSON AND CHRIS BUNCH                      DEFENDANTS

                    MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Daniel Maddox for reconsideration or amendment to the court's March 13, 2017 memorandum opinion and order granting defendants' motion to dismiss.[1]  The court, having considered the motion, finds it is not well taken and should be denied.

The court rejects plaintiff's argument that the court improperly dismissed his claims for failure to comply with the ninety-day notice provision of the Mississippi Tort Claims Act. In Banner v. City of Jackson, Miss., No. CIV.A. 3:05CV696-WHB, 2007 WL 433245, at *4 (S.D. Miss. Feb. 5, 2007), Judge Barbour concluded under the same circumstances as are presented here, that a plaintiff's failure to give "at least ninety days' notice" prior

---

[1] Plaintiff's motion is brought pursuant to Federal Rule of Civil Procedure Rule 59(e), which "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and it is "an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (alteration in original) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

to filing suit warranted dismissal notwithstanding that the claim was denied before the ninety days had elapsed. He wrote:

> The Mississippi Supreme Court has not addressed the specific issue of whether an individual must comply with the ninety-day notice period of Section 11-46-11(1) in cases, such as the one sub judice, in which the subject governmental entity receives, investigates, and denies liability on a Notice of Claim before the notice period expires. The court has, however, previously addressed the interplay between Section 11-46-11(1) and Section 11-46-11(3) by explaining:
>> This Court concludes that the term "maintain" as used in § 11-46-11, clearly refers to the filing of a lawsuit. The primary indication that the Legislature was referring to the filing of a lawsuit in § 11-46-11(1) is the fact that § 11-46-11(3) serves to extend the one year statute of limitations by an additional 95 days from the filing of notice [of claim] ... A statute of limitations serves to control the period in which a lawsuit may be filed, and the fact that the Legislature chose to extend the statute of limitations based on the requirements of subsection (1) indicates that the Legislature intended for plaintiffs to wait ninety days from the providing of notice to file any lawsuit.
> City of Pascagoula v. Tomlinson, 741 So.2d 224, 228 (Miss. 1999), overruled in part by Easterling, 928 So. 2d 815 (Miss. 2006) (emphasis added). Based on the decision in Tomlinson, i.e. that 11-46-11(3) merely acts to extend the one-year statute of limitations period governing MTCA claims, but does not otherwise affect the ninety-day notice period, and the opinions of the Mississippi Supreme Court requiring that a plaintiff strictly comply with the ninety-day notice period prescribed in Section 11-46-11(1), the Court finds that Plaintiffs were required to wait ninety days from the date on which they submitted their Notice of Claim before filing their Complaint, regardless of the fact that the City of Jackson denied liability on their claim.

Banner, 2007 WL 433245, at *4. Judge Barbour's reasoning is persuasive.

Plaintiff's arguments in support of his assertion that the court erred in dismissing his federal claims are also rejected. First, the court did not purport to find that the statutes involved in the various cases it cited were identical to Mississippi's Prescription Monitoring Program statute.  The point of the court's citation of these cases was to demonstrate as part of its qualified immunity analysis that not only is there no consensus of authority to support plaintiff's position but that the consensus of authority appears to be contrary to his position.[2]

Second, the court also rejects plaintiff's argument that his HIPPA claim is brought under § 1983.  As the court noted in its prior opinion, it does not appear from his complaint that plaintiff even alleged a cause of action for violation of HIPPA; he certainly did not purport to assert any such claim under

---

[2] This was made clear in the court's opinion:
There is no controlling authority holding that the Fourth Amendment requires a warrant, subpoena or other judicial authorization for law enforcement officials to obtain an individual's prescription records for controlled substances where state law requires that prescription records for controlled substances be maintained and authorizes disclosure to law enforcement officials.  Nor is there "a robust consensus of persuasive authority" that would have specifically prohibited Bunch's conduct.  On the contrary, by far, the majority of courts that have considered this issue have found the Fourth Amendment is not violated in the same or similar circumstances.
Maddox v. City of Brandon, et al., Civ. Action No. 3:15cv866TSL-RHW, at 15-18 (S.D. Miss. March 13, 2017) (citing cases).

3

§ 1983, nor did he advance this argument in response to defendants' motion. However, even if plaintiff had brought his HIPPA claim under § 1983, the court would have dismissed the claim for it is not clearly established that a violation of HIPPA is cognizable under § 1983. There is no Fifth Circuit authority recognizing the viability of such a claim, and most courts that have considered the issue have found that a § 1983 claim may not be brought to remedy a violation of HIPPA. See, e.g., Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010) ("[T]here is no private right of action enforceable under § 1983 for HIPPA violations."); Smiley v. Alabama Dep't of Transp., 778 F. Supp. 2d 1283, 1301–02 (M.D. Ala. 2011) (granting dismissal based on qualified immunity because "[i]n order to have a viable cause of action under Section 1983 based on the violation of a federal statute, ... a plaintiff must establish that the statute allegedly violated clearly and unambiguously confers on the plaintiff enforceable rights [and] this is not the case with respect to HIPPA.").

Finally, plaintiff appears to argue that while a violation of HIPPA may not be actionable under HIPPA (which does not provide a private right of action), a violation of the provisions of HIPPA would also violate Mississippi PMP, since the PMP specifically recites that it is intended to be enacted "in compliance with the

federal HIPPA law."[3] The Mississippi PMP references HIPPA but does not incorporate its provisions; and the PMP states only that it was intended to be developed and implemented in compliance with HIPPA, "under the following conditions...." The conditions identified in the statute govern, not HIPPA.

Based on the foregoing, it is ordered that plaintiff's motion for reconsideration or amendment to the court's memorandum opinion and order of March 13, 2017 is denied.

SO ORDERED this 18th day of May, 2017.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[3] Mississippi Code Annotated § 73-21-127 states: The Board of Pharmacy shall develop and implement a computerized program to track prescriptions for controlled substances and to report suspected abuse and misuse of controlled substances in compliance with the federal regulations promulgated under authority of the National All Schedules Prescription Electronic Reporting Act of 2005 and in compliance with the federal HIPAA law, under the following conditions....